■ MATTHEW MULHISEN et al., Respondents, v ROBERT KOENIG et al., Appellants.—Order insofar as appealed from unanimously reversed on the law without costs and new trial granted in accordance with the following memorandum: Plaintiff, Matthew Mulhisen, purchased a new motor home from defendant, Fairway R.V., Inc., and was given a 12-month, 15,000-mile warranty. More than a year later the vehicle was returned to Fairway for repairs. After being advised that the necessary repairs had been made, plaintiff returned to Fairway on a Sunday when Fairway was closed and took the vehicle without making any payment for the repairs. Fairway became aware of plaintiff's removal of the vehicle the following day through a telephone conversation between plaintiff and Robert Koenig, Fairway's sales manager. A bill was thereafter presented for the repairs, but plaintiff refused to pay, contending that the repairs were covered by the warranty. The parties were unable to resolve the matter and Koenig signed a criminal complaint against Mulhisen in the Town of Hamburg Court for petit larceny alleging theft of parts owned by Fairway. Mulhisen was found not guilty after a jury trial.

This action for malicious prosecution, abuse of process and a derivative claim on behalf of Diane Mulhisen was thereafter commenced by plaintiffs, seeking compensatory and punitive damages. After trial, the jury awarded compensatory damages of $10,000 for malicious prosecution and $7,500 for abuse of process and punitive damages of $15,000 and also awarded Diane Mulhisen $1,000 on her derivative claim.

On appeal to County Court, the court modified the judgment by dismissing the abuse of process cause of action.

The trial court erred in allowing testimony concerning the motivation of plaintiff in purchasing the motor home and in allowing testimony as to repairs performed subsequent to the date the motor home was taken from defendant. The allowance of such testimony created a substantial danger of undue prejudice to defendants. Also, the court should have limited the proof relating to prior warranty repairs. Further error was committed by the trial court when it permitted testimony on the definition of a "lemon". It was improper for the court to instruct the jury on probable cause by reading CPL 60.50 and sections of the Magnuson-Moss Warranty Act (15 USC § 2301 *et seq.*).

These errors cannot be viewed as harmless, for we cannot say that "there is no view of the evidence under which [defendant] could have prevailed" *(Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 43 [1980], citing 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2002.03, at 20-12). The combined errors of the trial court mandate a new trial on the malicious prosecution and derivative causes of action. (Appeal from order of Erie County Court, McCarthy, J.—malicious prosecution.) Present—Dillon, P. J., Doerr, Boomer, Green and Davis, JJ.